# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL WAYNE McCALL, Defendant. | No. CR05-4130-MWB **REPORT AND RECOMMENDATION** |

This matter is before the court on the defendant's motion (Doc. No. 22) to dismiss Count 2 of the Indictment. On December 14, 2005, the defendant was indicted on two counts of illegally possessing ammunition. Count 1 alleges the defendant possessed ammunition after "having been convicted of a misdemeanor crime of domestic violence," in violation of 18 U.S.C. § 922(g)(9). Count 2 alleges he possessed the same ammunition while he was subject to a restraining order as described in 18 U.S.C. § 922(g)(8).

The defendant claims Count 2 is multiplicitous in light of the recent holding in *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006). In *Richardson*, the defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and with being a drug user in possession of the same firearm in violation of 18 U.S.C. § 922(g)(3). The defendant argued that because both charges arose from a single act of possessing a firearm, they should be merged into a single offense for purposes of sentencing. In overruling its prior decisions on the issue, the Eighth Circuit held as follows:

> We now . . . join all the other Circuits that have addressed this issue to hold that Congress intended the "allowable unit of prosecution" to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed

> a firearm and ammunition. *See Bell v. United States*, 349 U.S. 81, 81, 75 S. Ct. 620, 99 L. Ed. 905 (1955) (describing the unit of prosecution test). . . .  [Citations from 1st, 2d, 3d, 4th, 5th, 6th, 7th, 9th, 10th, 11th, & D.C. Circuits omitted.]

*Richardson*, 439 F.3d at 422-23.

The plaintiff (the "Government") argues that although both of the counts should be merged for purposes of sentencing, the Government should not be forced to elect between the two theories of prohibited possession of ammunition and only go to trial on one of them.  (*See* Doc. No. 23)  The Government argues it may "charge the defendant with separate counts of unlawful possession under § 922(g) on the basis of each disqualifying status [because] [t]he purpose of the multiple charges, based upon different disqualifying status[es], is to ensure that, even if there is a failure of proof as to one of the status categories, a factual basis for conviction will be available from another." (*Id.*, p. 2)  The Government further claims, "It is appropriate to present evidence to the fact finder regarding each disqualifying status *and to seek a verdict on each separate count*." (*Id.*, emphasis added).  In support of this proposition, the Government cites *Ball v. United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985)

In *Ball*, the defendant was indicted in one count of receiving a firearm shipped in interstate commerce in violation of 18 U.S.C. §§922(h)(1) and 924)a), and in a second count for possessing the same firearm in violation of 18 U.S.C. App. § 1202(a)(1).  The defendant was convicted on both counts and was sentenced to consecutive terms of three years' imprisonment on the first count and two years' imprisonment on the second count, with the two-year sentence suspended.  On direct appeal, the appellate court remanded with directions to modify the sentences to make them concurrent.  Recognizing a conflict in the Circuits' applications of sections 922(h)(1) and 1202(a)(1), the Supreme Court granted certiorari to resolve the issue.

The Court examined the legislative history of sections 922 and 1202, and found "Congress did not intend [a defendant's] conduct to be punishable under both[.]" 470 U.S. at 864, 105 S. Ct. at 1673. The Court held that although "the Government may seek a multiple-count indictment against a felon for violations of §§ 922(b) and 1202(a) involving the same weapon where a single act establishes the receipt and possession, the accused may not suffer two convictions or sentences on that indictment." 470 U.S. at 965, 105 S. Ct. at 1673. The Court explained that when sufficient proof is offered at trial, the trial court should instruct the jury as to the elements of each offense, but if the jury returns guilty verdicts on both counts, then the judge "should enter judgment on only one of the statutory offenses." 470 U.S. at 865, 105 S. Ct. at 1673-74. In so holding, the Court noted that a separate conviction could have potentially adverse collateral consequences, such as delaying the defendant's eligibility for parole, resulting in an increased sentence under a recidivist statute for a future offense, providing a basis to impeach the defendant's credibility, and increasing the societal stigma that accompanies any criminal conviction. 470 U.S. at 865, 105 S. Ct. at 1673.

In a concurring opinion, Justice Stevens found the majority's opinion that "there is no bar to the Government's proceeding with prosecution simultaneously under the two statutes" to be unnecessary, and even "to encourage prosecutors to tilt the scales of justice against the defendant by employing such tactics." 470 U.S. at 867, 105 S. Ct. at 1674 (Stevens, J. concurring) (quoting the majority opinion at 105 S. Ct. at 1671). Justice Stevens observed:

> The views that Justice Marshall expressed in his dissent in *Missouri v. Hunter*, 459 U.S. 359, 371-73, 103 S. Ct. 673, 680-681, 74 L. Ed. 2d 535 (1983), succinctly explain why I concur in the Court's judgment today:
> . . .
> "When multiple charges are brought, the defendant is 'put in jeopardy' as to each charge. To retain his freedom, the defendant must obtain

3

> an acquittal on all charges; to put the defendant in prison, the prosecution need only obtain a single guilty verdict. The prosecution's ability to bring multiple charges increases the risk that the defendant will be convicted on one or more of those charges. The very fact that a defendant has been arrested, charged, and brought to trial on several charges may suggest to the jury that he must be guilty of at least one of those crimes. Moreover, where the prosecution's evidence is weak, its ability to bring multiple charges may substantially enhance the possibility that, even though innocent, the defendant may be found guilty on one or more charges as a result of a compromise verdict. The submission of two charges rather than one gives the prosecution 'the advantage of offering the jury a choice – a situation which is apt to induce a doubtful jury to find the defendant guilty of the less serious offense rather than to continue the debate as to his innocence.' [Citation omitted.]

*Ball*, 470 U.S. at 867-68, 105 S. Ct. at 1674-75) (Steven, J. concurring).

Putting Justice Stevens's concerns aside, it would appear the Government is correct that when it charges a defendant's conduct violates both section 922(h)(1) and section 1202(a), it is permissible to charge the defendant in separate counts.

However, since 1985, when *Ball* was decided, the First, Fourth, Fifth, Sixth, Ninth, Eleventh, and D.C. Circuits – and now the Eighth Circuit, in *Richardson* – have held that a similar result does not apply when the same conduct violates more than one *subsection* of subsection 922(g). *See Richardson*, 439 F.3d at 422 (citing cases from each of these Circuits). In this court, *Richardson* controls, overruling the Government's argument. However, this result will not, as the Government argues, prevent the Government from offering proof that the defendant violated section 922 in more than one respect. The Government still may assert both theories that the defendant's possession of ammunition

4

violated section 922; it simply must do so in a single count, rather than charging the defendant in multiple counts with a single incident of possession.

The undersigned therefore respectfully recommends the defendant's motion to dismiss Count 2 of the Indictment be granted, but with a modification. It is not for the court, or the defendant, to elect under which of the two Counts of the Indictment the Government must proceed. The undersigned recommends the Government be ordered either to elect between the two Counts or to supersede to include both theories in a single count.

Any party who objects to this report and recommendation must serve and file specific, written objections by **April 17, 2006.** Any response to the objections must be served and filed by **April 20, 2006.**

**IT IS SO ORDERED.**

**DATED** this 11th day of April, 2006.

_/s/ Paul A. Zoss_

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT