# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE MCCALL,<br><br>Defendant. | No. CR05-4130-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On December 14, 2005, a two count indictment was returned against defendant Michael Wayne McCall charging him with possession of ammunition having been previously convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (Count 1), and possession of ammunition while being subject to a restraining order, in violation of 18 U.S.C. § 922(g)(8) (Count 2). Both counts arise out of a single act of possession of the same ammunition on October 6, 2005.

On March 22, 2006, defendant McCall filed a Motion to Dismiss Count 2 of the Indictment (#22). In his motion, defendant McCall seeks dismissal of Count 2 of the indictment on the ground that it is multiplicitous with the charge in Count 1 and therefore should be dismissed. Defendant McCall's motion was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On April 11, 2006, Judge Zoss filed a Report and Recommendation in which he recommends that defendant McCall's motion to dismiss indictment be granted but with a modification. Judge Zoss recommends that the government be ordered to elect between the two counts of the indictment or to obtain a superceding indictment which includes both alleged violations of § 922 in a single count.

The government has filed an objection to Judge Zoss's Report and Recommendation. The government contends that the decision of the Eighth Circuit Court of Appeals, which forms the basis for Judge Zoss's recommendation, *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006), only requires a court to merge multiple violations of § 922(g) into a single count for sentencing purposes and to sentence a defendant based on a single conviction under § 922(g). The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant McCall's Motion to Dismiss Count 2 of the Indictment.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with

2

instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, the government has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant McCall's Motion to Dismiss Count 2 of the Indictment.

### B. Objection To Conclusions Of Law

In *United States v. Peterson*, 867 F.2d 1110 (8th Cir. 1989), the defendant challenged his convictions on three counts of unlawful possession of firearms and ammunition by a convicted felon, in violation of § 922(g)(1), and one count of unlawful possession of firearms and ammunition by a user of controlled substances, in violation of § 922(g)(3), on the ground that the charges were multiplicitous. *Id.* at 1115 In rejecting the defendant's multiplicity argument, the Eighth Circuit Court of Appeals held that multiple firearm violation counts charged under different subsections of § 922(g) but arising out of the same pattern of conduct were not multiplicitous because, under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the counts each required at least one unique element of proof. *Id.* Last month, in *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (*en banc*), the Eighth Circuit Court of Appeals overruled its

*Peterson* decision, stating:

> In Peterson, we held that separate convictions for § 922(g)(1) and § 922(g)(3) arising out of a single act of firearm possession were not multiplicitous. We now overrule Peterson and join all the other Circuits that have addressed this issue to hold that Congress intended the "allowable unit of prosecution" to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.

*Richardson*, 439 F.3d at 422.

Here, Counts 1 and 2 allege two separate theories of criminal prohibition for defendant McCall's possession of the same ammunition on the same date. The government recognizes that under the *Richardson* decision the counts are multiplicitous but contends that it is appropriate to present the jury with the counts based on separate and distinct statuses for the ammunition possession being unlawful. The government argues that "[i]f convictions on both counts occur, they should be merged at sentencing for only punishment under one offense." Gov't Objections at 7.

The court recognizes that the government retains considerable discretion in fashioning the counts of an indictment. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). It is also within the court's discretion "to require the prosecution to elect between multiplicitous counts before trial." *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997). In *Johnson*, the Tenth Circuit Court of Appeals noted that presenting multiplicitous counts to a jury could create the false impression about the level of the defendant's criminal activity, observing: "'Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue,' and will reach a compromise verdict or assume the defendant is guilty on at least

some of the charges." *Id.* (quoting *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992)). Here, the court concludes that the risk of false impressions created by presenting multiplicitous counts is sufficient to unfairly prejudice defendant McCall. The danger of unfair prejudice derives from the court permitting the presentation of evidence of multiple disqualifying statuses regarding a defendant. This danger of unfair prejudice flowing from the presentation of multiplicitous counts will continue to exist if the government is permitted to include both disqualifying statuses in a single court of a superseding indictment. Therefore, the court accepts that portion of Judge Zoss's Report and Recommendation that requires the government to elect between the two counts of the indictment but rejects that portion of the Report and Recommendation which permits the government to file a superseding indictment containing a single count which contains both disqualifying statuses.

### III. CONCLUSION

For the reasons outlined above, the court, upon a *de novo* review of the record, **accepts in part and rejects in part** Judge Zoss's Report and Recommendation and **grants in part and denies in part** defendant's Motion to Dismiss Count 2 of the Indictment. The court will not order the dismissal of Count 2 of the indictment but instead will require the government to elect between the two counts of the indictment. On or before May 1, 2006, the government shall file a notice of dismissal as to either Count 1 or Count 2 of the indictment.

**IT IS SO ORDERED.**

**DATED** this 24th day of April, 2006.

                                                                                            _____
                                                                                            MARK W. BENNETT
                                                                                           CHIEF JUDGE, U. S. DISTRICT COURT
                                                                                            NORTHERN DISTRICT OF IOWA